UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

IN RE:

                                          Case No. 14-11869-EPK

SUKETU THAKOR PATEL and
MITAL SUKETU PATEL,                      Chapter 7

        Debtors.
_____/

## SUBPOENA FOR RULE 2004 EXAMINATION

**To: Thakor G. Patel**
    **2771 Pillsbury Way**
    **Wellington, FL 33414**

[ x ]    YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| 301 Clematis Street<br>Suite 3000<br>West Palm Beach, Florida 33401 | September 12, 2014<br>1:00 p.m. |

[ x ]    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| David A. Ray, P.A.<br>901 S. Federal Highway, Suite 300<br>Fort Lauderdale, FL 33316 | September 5, 2014<br>4:00 p.m. |

| ISSUING OFFICER SIGNATURE<br>/s/ David A. Ray | TITLE<br>Counsel for the Trustee |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br>David A. Ray | PHONE<br>954-399-0105 |
| ADDRESS<br>901 South Federal Highway, Suite 300<br>Fort Lauderdale, FL 33316 | DATE<br>August 18, 2014 |

## PROOF OF SERVICE

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Thakor G. Patel<br>2771 Pillsbury Way<br>Wellington, FL 33414 | First class U.S. mail |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure;  See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to in substantial expense to travel more than 100 miles to attend trial, the court may protect a person subject to or affected by the subpoena, quash or modify the subpo or, if the party in whose behalf the subpoena is issued shows a substantial need for testimony or material that cannot be otherwise met without undue hardship and assu that the person to whom the subpoena is addressed will be reasonably compensated, court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## Schedule "A"

1) All account statements, checkbooks, stubs and registers for any checking accounts, saving accounts, time deposits, money market accounts, and other investment accounts with which you have held signing authority with Suketu Thakor Patel, for the past five years.

2) All (i) ledgers; (ii) journals; (iii) books of accounts; and (iv) reports, reconciliations and itemizations of sales, revenues, expenses, disbursements, income, depreciation, and profits, for Elite Hotels, LLC for the past five years.

3) Copies of any and all communications, whether written or electronic, between Thakor G. Patel and Suketu Thakor Patel, regarding Elite Hotels, LLC, during the last five (5) years.

4) Copies of any and all communications, whether written or electronic, between Thakor G. Patel and Vinnie Aurora, CPA, regarding Elite Hotels, LLC, during the last five (5) years.

5) Any all documents evidencing your interest in Elite Hotels, LLC, for the past five years.

6) All (i) ledgers; (ii) journals; (iii) books of accounts; and (iv) reports, reconciliations and itemizations of sales, revenues, expenses, disbursements, income, depreciation, and profits, for Toto Hospitality, LLC for the past five years.

7) Copies of any and all communications, whether written or electronic, between Thakor G. Patel and Suketu Thakor Patel, regarding Toto Hospitality, LLC, during the last five (5) years.

8) Copies of any and all communications, whether written or electronic, between Thakor G. Patel and Vinnie Aurora, CPA, regarding Toto Hospitality, LLC, during the last five (5) years.

9) Any all documents evidencing your interest in Toto Hospitality, LLC, for the past five years.

10) All account statements, checkbooks, stubs and registers for any checking accounts, saving accounts, time deposits, money market accounts, and other investment accounts belonging to Elite Hotels, LLC for the past five years.

11) All account statements, checkbooks, stubs and registers for any checking accounts, saving accounts, time deposits, money market accounts, and other investment accounts belonging to Toto Hospitality, LLC for the past five years.

12) All account statements, checkbooks, stubs and registers for any checking accounts, saving accounts, time deposits, money market accounts, and other investment accounts belonging to Elite Hotels, LLC for the past five years.

13) Operating agreements, past and present, for Elite Hotels, LLC, Toto Hospitality, LLC and Central Florida Hotels, LLC.

14) Tax returns, including K-1 statements, for Elite Hotels, LLC, Toto Hospitality, LLC and Central Florida Hotels, LLC, for the last five (5) years.